## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff-Respondent,**

      **v.**                              **Case No. 98-CR-60**

**GREGORY SALLIS**
        **Defendant-Petitioner.**

### DECISION AND ORDER

Defendant Gregory Sallis moves for a "writ of error audita querela" pursuant to 28 U.S.C. § 1651, arguing that his 360 month sentence on drug charges violates <u>Jones v. United States</u>, 526 U.S. 227 (1999); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); and <u>United States v. Booker</u>, 543 U.S. 220 (2005). Below the caption of his motion, defendant writes: "THIS IS NOT A MOTION PURSUANT TO TITLE 28 U.S.C. § 2255." Nevertheless, because the motion is, substantively, a § 2255 motion, and because defendant has already litigated a collateral attack on his sentence, I must dismiss the motion for lack of jurisdiction. <u>See</u> <u>Curry v. United States</u>, 507 F.3d 603, 605 (7th Cir. 2007), <u>cert. denied</u>, 128 S. Ct. 2925 (2008); <u>United States v. Lloyd</u>, 398 F.3d 978, 979-80 (7th Cir. 2005); <u>Melton v. United States</u>, 359 F.3d 855, 857-58 (7th Cir. 2004).

### I. BACKGROUND

In 1998, a jury convicted defendant of conspiracy to distribute crack cocaine, distribution of crack cocaine, and aiding and abetting interstate travel in aid of racketeering. The trial took place before the Supreme Court decided <u>Apprendi</u> and, consistent with the practice at the time, the jury was not instructed to determine the amount of crack cocaine involved in the offenses. At sentencing on January 22, 1999, Judge Thomas Curran found

a drug weight exceeding 1.5 kilograms of crack cocaine under U.S.S.G. § 2D1.1(c)(1) (1998), adopted a guideline range of 360 months to life, and sentenced defendant to the low end of that range.

Defendant appealed his convictions and sentence, challenging, inter alia, the sufficiency of the evidence of his participation in the conspiracy, the proof that the drug involved was crack cocaine, and Judge Curran's decision to hold him responsible for at least 1.5 kilograms of crack. The Seventh Circuit rejected these arguments and affirmed defendant's convictions and sentence. United States v. Hardin, 209 F.3d 652, 660-62 (7th Cir. 2000). However, the Supreme Court vacated the sentence and remanded for further consideration in light of Apprendi. Sallis v. United States, 531 U.S. 1135 (2001). On remand, the Seventh Circuit again affirmed the sentence, finding no plain error in the court's failure to submit drug weight to the jury because, "[w]ithout question, had the issue been put to it, the jury would have found more than 50 grams of cocaine base was involved." United States v. Robinson, 39 Fed. Appx. 386, 389 (7th Cir. 2002).

On July 11, 2003, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. In that motion and subsequent filings in the § 2255 case, defendant argued, inter alia, that the district court erred in using the preponderance of the evidence standard to determine drug type; the purity of the drugs involved was never established at his trial; the district court improperly determined the amount of cocaine base attributable to him; his sentence was unlawfully enhanced by two un-counseled prior convictions; he was denied effective assistance of trial and appellate counsel; and his sentence violated Blakely and Booker. Judge Curran denied the motion, Sallis v. United States, No. 03-C-655, 2006 WL 1598503 (E.D. Wis. May 31, 2006), and after the case was re-assigned to me on Judge Curran's retirement I denied a certificate of appealability ("COA"), Sallis v. United States,

2

No. 03-C-655, 2006 WL 1722426 (E.D. Wis. Jun. 21, 2006). The Seventh Circuit likewise

denied a COA on January 26, 2007.

In January of 2008, petitioner requested appointment of counsel to assist him in

filing a sentence reduction motion under 18 U.S.C. § 3582(c)(2) based on the Sentencing

Commission's amendment to the crack cocaine guideline. See U.S.C. § 1B1.10(c). I

granted that request, and on October 28, 2008, defendant, through counsel, filed a §

3582(c)(2) motion. On January 22, 2009, I denied the motion because the Commission's

amendment did not lower defendant's guideline range. The Seventh Circuit summarily

affirmed on March 13, 2009.

## II.  DISCUSSION

In the instant motion, defendant claims a newly recognized defense derived from the

Supreme Court's rulings in Jones, Apprendi, Blakely and Booker. Specifically, he argues

that his sentence, imposed under mandatory sentencing guidelines and based on judge-

found facts, violates the rule laid down in Booker. This is, substantively, an allegation "that

the sentence was imposed in violation of the Constitution or laws of the United States." 28

U.S.C. § 2255(a). It is therefore subject to the limitations on second or successive motions

set forth in § 2255(h).[1]

As the Seventh Circuit explained in Melton:

Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g.,
Owens v. Boyd, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis);

---

[1]Section 2255(h) provides: "A second or successive motion must be certified as
provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly
discovered evidence that, if proven and viewed in light of the evidence as a whole, would
be sufficient to establish by clear and convincing evidence that no reasonable factfinder
would have found the movant guilty of the offense; or(2) a new rule of constitutional law,
made retroactive to cases on collateral review by the Supreme Court, that was previously
unavailable."

3

> United States v. Evans, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

359 F.3d at 857. Because defendant has already filed one collateral attack and has not obtained permission from the court of appeals to file another, I must dismiss this motion for lack of jurisdiction. See United States v. Carraway, 478 F.3d 845, 848-50 (7th Cir.) (re-characterizing Rule 60(b) motion raising Booker claim as successive collateral attack, and dismissing for lack of jurisdiction), cert. denied, 550 U.S. 976 (2007).

Defendant contends that Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) provides a jurisdictional basis for the motion, but that case addressed the ability of out-of-custody petitioners to challenge other portions of their sentences (i.e., restitution) via writ of error coram nobis. Obado does not endorse the use of ancient writs to successively attack a prison sentence. Defendant also cites United States v. Salgado, 692 F. Supp. 1265 (E.D. Wash. 1988), in which the court granted audita querela relief. However, Salgado concerned not a challenge to a prison sentence but rather the collateral (immigration) consequences of an old conviction.[2] The other audita querela case defendant cites, United States v. Holder, 741 F. Supp. 27 (D.P.R. 1990), also involved a challenge to an old conviction that prevented the petitioner from obtaining permanent

---

[2]Salgado also pre-dates AEDPA and has been criticized by other courts. See, e.g., United States v. Johnson, 962 F.2d 579, 581-82 (7th Cir. 1992); see also United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982) (expressing doubt that audita querela ever applied in criminal cases, but "what is plain is that it cannot lie simply to enable a defendant to file a section 2255 motion without complying with the rules governing such motions").

4

resident status in the United States. Defendant argues that invoking the procedural barrier of § 2255(h) would raise serious constitutional questions by denying him a judicial forum to raise his claims, but the courts have upheld such limitations on collateral relief. See, e.g., Felker v. Turpin, 518 U.S. 651, 664 (1996).

Defendant cites United States v. Keigue, 318 F.3d 437, 442-43 (2d Cir. 2003) for the proposition that a district court commits plain error by imposing sentence under the wrong set of guidelines, but Keigue was a direct appeal, not a collateral attack, much less a successive collateral attack. Likewise inapplicable are cases in which the sentence was vacated on direct appeal because the district court erroneously believed that it lacked authority to depart or miscalculated the guidelines. (Motion for Writ of Error Audita Querela [R. 533] at 7-8, citing cases.) Defendant contends that Judge Curran's comments at sentencing suggest that he might have imposed a lower term had he possessed the discretion, but that does not supply me with jurisdiction to lower the sentence now.

Defendant also refers to § 3582(c)(2), but I previously denied defendant's motion based on the crack guideline amendment, and prisoners may not use that statute to advance Booker arguments. See United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) (collecting cases); see also United States v. Jackson, 573 F.3d 398, 400 (7th Cir. 2009); United States v. Cunningham, 554 F.3d 703, 705-08 (7th Cir.), cert. denied, 129 S. Ct. 2826 (2009). Defendant contends that the PSR contains errors, but I also lack jurisdiction to consider such arguments at this stage.

In a separate document entitled "Judicial Notice of Adjudicative Facts" defendant argues that I should not re-characterize his audita querela motion as a § 2255 motion without providing the warnings required by Castro v. United States, 540 U.S. 375 (2003).

5

But those warnings apply only to initial motions and are not required before a court re-characterizes a successive motion.  <u>Melton</u>, 359 F.3d at 857.

Finally, given the Seventh Circuit's holding in <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005) that <u>Booker</u> does not apply retroactively to cases on collateral review, I see no point in transferring the case to the court of appeals for consideration under § 2255(h)(2).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion is **DISMISSED**.  His motions for appointment of counsel and to proceed in forma pauperis are moot.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge