# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                Case No. 98-CR-60

**GREGORY SALLIS**
    **Defendant.**

## ORDER

Defendant Gregory Sallis moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Because the sentencing guideline amendment upon which defendant relies does not lower his imprisonment range, I deny the motion.

In September 1998, a jury convicted defendant of conspiracy to distribute crack cocaine and related offenses. The trial took place before the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000), and, consistent with the practice at the time, the district court did not instruct the jury to determine the amount of crack cocaine involved in the offense. At defendant's January 22, 1999, sentencing hearing, Judge Thomas Curran found a drug weight of 1.5 kilograms or more of crack cocaine, which produced a base offense level of 38. U.S.S.G. § 2D1.1(c)(1) (1998). At the time, base level 38 – the highest in § 2D1.1(c) – was reserved for cases involving 1.5 kilograms or more of cocaine base; thus, Judge Curran had no occasion to determine a precise amount above 1.5

kilograms. He then added 2 levels for firearm possession, U.S.S.G. § 2D1.1(b)(1), for a final level of 40. Coupled with defendant's criminal history category of VI, level 40 produced an imprisonment range of 360 months to life. Judge Curran sentenced defendant to 360 months in prison.

Defendant appealed his convictions and sentence, challenging, inter alia, the district court's decision to hold him responsible for at least 1.5 kilograms of crack. The Seventh Circuit affirmed, United States v. Hardin, 209 F.3d 652, 660-62 (7th Cir. 2000), but the Supreme Court vacated the sentence and remanded for further consideration in light of Apprendi. On remand, the Seventh Circuit again affirmed the sentence, finding no plain error in the district court's failure to submit drug weight to the jury:

> The evidence was overwhelming that the conspiracy consisted of a drug ring that moved drugs from Los Angeles . . . first to Minneapolis and, when the heat was on there, to Milwaukee. In 1995 a man named Gren Huley and Sallis were selling ounce and multi-ounce quantities of crack. Several couriers brought the drugs to Milwaukee. Flight records and Greyhound bus tickets verify that at a minimum couriers took 50 trips in 1997. One person took 7 to 10 trips between February and July 1997. During the fall of 1997, at least four couriers brought back what were referred to as "cookies," packages of crack which were strapped to their bodies. The couriers brought two cookies at a time, which amounted to approximately one kilogram of crack per trip.
>
> In addition, in December 1997, Drug Enforcement Agency agents arrested one member of the ring, Eugene Ward, with a half kilogram of powder cocaine. This dealer had been in business, getting crack from Sallis since early in the year. After his arrest, Ward began to cooperate with the agents and testified to observing Sallis on one occasion with 20 to 30 ounces of crack. Another witness testified that on a particularly lucrative day in April 1997, the conspiracy grossed approximately $100,000.
>
> Given this and considerable additional evidence, a jury who found these men guilty could not reasonably have concluded that they only dabbled in a small amount of crack. Without question, had the issue been put to it, the jury would have found that more than 50 grams of cocaine base was involved.

United States v. Robinson, 39 Fed. Appx. 386, 388-89 (7th Cir. 2002).

In October 2008, defendant moved for a sentence reduction pursuant to § 3582(c)(2) based on Amendment 706 to the guidelines, which generally reduced offenses levels in crack cocaine cases by 2. The case was reassigned to me after Judge Curran's retirement, and I denied the motion, finding that Amendment 706 did not lower defendant's range. The evidence showed that defendant was responsible for well in excess of 4.5 kilograms of crack cocaine, which produced the same base offense level of 38 under the guidelines as modified by Amendment 706. See U.S.S.G. § 2D1.1(c)(1) (2007). The Seventh Circuit summarily affirmed my denial of the motion. United States v. Sallis, No. 09-1217 (7th Cir. Mar. 13, 2009).

In July 2013, defendant again moved for relief under § 3582(c)(2), this time relying on Amendment 750. That Amendment, adopted by the Commission in response to the Fair Sentencing Act ("FSA") of 2010, revised the crack cocaine guideline to align with the new 18:1 crack-to-powder cocaine ratio set forth in the FSA. I denied that motion as well, finding that Amendment 750 also did not lower defendant's range. The evidence supported a weight of at least 50 kilograms of crack, see Robinson, 39 Fed. Appx. at 389, well in excess of the 8.4 kilograms needed to trigger base offense level 38 under the guidelines as modified by Amendment 750. See U.S.S.G. § 2D1.1(c)(1) (2012). I rejected defendant's argument that I had to base my decision on the drug weight of 1.5 kilograms used by Judge Curran in 1999. See United States v. Duncan, 639 F.3d 764, 767-68 (7th Cir. 2011). The Seventh Circuit also affirmed this decision. United States v. Sallis, No. 13-3080 (7th Cir. Mar. 7, 2014).

In the instant motion, defendant relies on Amendment 782, which generally reduces offense levels in all drug trafficking cases by 2. However, defendant runs into the same problem for a third time. Under the current guideline, base offense level 38 applies to

3

cases involving 25.2 kilograms or more of cocaine base. U.S.S.G. § 2D1.1(c)(1) (2014). As I found in denying defendant's previous 2013 motion, defendant is responsible for more than that. Because Amendment 782 does not reduce his offense level, defendant is ineligible for a sentence reduction. See U.S.S.G. § 1B1.10(a)(2)(B). Citing U.S.S.G. § 1B1.10(b)(1), defendant again contends that I must use the 1.5 kilogram drug weight found by Judge Curran in 1999. However, the Seventh Circuit has made clear that:

> nothing prevents the court from making new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination. Indeed, new findings may be necessary where, as here, the retroactive amendment to the guidelines altered the relevant drug-quantity thresholds for determining the defendant's base offense level.

United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010).

**THEREFORE, IT IS ORDERED** that defendant's motion for sentence reduction (R. 575) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge